**In re ROXY ROLLER RINK JOINT VENTURE, Debtor.**

**Bankruptcy No. 84 B 11469 (PBA).**

United States Bankruptcy Court,
S.D. New York.

June 4, 1985.

Sheber Pomerantz Slotnik & Hamburg, New York City, for Natoma-Roxy Corp.

Baron & Gleich, Great Neck, N.Y., for Twins Roller Corp.

Slade & Pellman, New York City, for Marine Midland Bank, N.A.

### MEMORANDUM DECISION AND ORDER

PRUDENCE B. ABRAM, Bankruptcy Judge:

Under date of May 3, 1985, this court issued its decision and order sustaining the standing of Natoma-Roxy Corp. ("Natoma") as a petitioning partner in this involuntary Chapter 11 case. The other partner, Twins Roller Corp. ("Twins"), has filed an appeal from that order.

No order for relief was entered at the time of the May 3 decision and order as Twins had also disputed the allegation of the petition that the debtor, Roxy Roller Rink Joint Venture ("Roxy"), was not generally paying its debts as they became due. Twins has now had discovery on that issue. By letter dated May 30, 1985, Twins through its counsel has withdrawn its objection to the generally not paying allegation. Thus, entry of an order for relief is appropriate.

However, counsel for Twins has requested that the court stay entering an order for relief pending the appeal from the May 3 order, which appeal is stated to be in the process of being diligently perfected. As the May 3 order would appear to be interlocutory, the appellate process would operate more effectively if finality were introduced through entry of an order for relief. Additionally, Marine Midland Bank, N.A. ("Marine"), Roxy's largest nonpriority creditor, who is apparently owed approximately $156,000, has expressed continual objection to the "limbo" state of affairs, first by bringing on an application for appointment of an examiner, which was denied for technical reasons in late April, and more recently in the form of a request for a hearing on an application seeking to require Roxy to act in compliance with the rules governing a debtor in possession. Marine asserts that it has been unable to properly examine and evaluate Roxy's operations since the Chapter 11 petition was filed. Further extending the so-called involuntary gap period by not entering an order for relief is therefore inappropriate and prejudicial to creditors. See Bankruptcy Code § 303(f) (" * * * except to the extent that the court orders otherwise, and until an order for relief in the case, any business of the debtor may continue to operate, and the debtor may continue to use, acquire, or dispose of property as if an involuntary case concerning the debtor had not been commenced.").

Under Bankruptcy Rule 8005, the court may suspend or order the continuation of other proceedings in the case or make such other appropriate order during the pendency of an appeal as will protect the rights of all parties in interest. In order to protect Twins' rights pending the outcome of the appeal, and subject to modification upon appropriate application, this court will stay the entry of any order of confirmation or conversion to Chapter 7 pending the appeal. Further, Roxy will be prohibited from making any sale out of the ordinary course of business except on at least 10 days' written notice to Twins.

An order for relief under Chapter 11 is hereby granted as to Roxy. Entry of an order of confirmation or conversion to Chapter 7 is hereby stayed, subject to modification upon appropriate application. Roxy is hereby prohibited from making any sale out of the ordinary course of business except on at least 10 days' written notice to Twins.

It is so ordered.