In re William Denis FUGAZY, Debtor.

METROMEDIA COMPANY, Plaintiff,

v.

William Denis FUGAZY, Defendant.

Bankruptcy No. 90 B 20688 (HS).
No. 93 Adv. 5253A.

United States Bankruptcy Court,
S.D. New York.

Sept. 9, 1993.

Shea & Gould, New York City, for Metromedia Co.

Denise L. Savage, New York City, for debtor.

### DECISION ON MOTION AND CROSS–MOTION FOR SUMMARY JUDGMENT

HOWARD SCHWARTZBERG, Bankruptcy Judge.

Metromedia Company ("Metromedia"), the plaintiff, has moved for summary judgment under Federal Rule of Civil Procedure 56 and Federal Rule of Bankruptcy Procedure 7056 in this adversary proceeding it commenced against the debtor, William D. Fugazy, Sr., to declare the nondischargeability of its debt under 11 U.S.C. §§ 523(a)(2)(A), (a)(2)(B), (a)(4) and (a)(6). In support of its motion, which is addressed only to its claim under 11 U.S.C. § 523(a)(6), Metromedia argues that there are no material facts in issue. Metromedia contends that the facts which support its action under 11 U.S.C. § 523(a)(6) have already been established in proceedings before other courts. Metromedia alleges that other courts have made factual determinations that the debtor's obligation to it resulted from his willful and malicious conduct. The debtor, Metromedia asserts, is barred by collateral estoppel from relitigating the existence of these facts.

The debtor opposes Metromedia's motion for summary judgment and has cross-moved for summary judgment to dismiss the entire complaint. In opposition to Metromedia's motion, the debtor argues that the factual findings made in previous actions establish that the debtors' actions were not willful and malicious as contemplated by 11 U.S.C. § 523(a)(6). In support of his cross-motion for summary judgment to dismiss the complaint, the debtor argues that the facts determined in prior proceedings establish that his obligation to Metromedia should not, as a matter of law, be excepted from discharge.

### FACTUAL BACKGROUND

The debtor filed a voluntary petition for reorganizational relief on July 16, 1990 and has continued in possession and management of his property in accordance with 11 U.S.C. §§ 1107 and 1108. Metromedia holds a judgment against the debtor for approximately $46 million. The judgment arises from two actions brought by Metromedia and one of its principals, John Kluge ("Kluge") in the United States District Court for the Southern District of New York. In the first action, which was commenced in 1987, Metromedia asserted claims against the debtor for violations of the federal securities laws, common law fraud, breach of warranty, and negligent misrepresentation. In the second action, which was commenced in 1989, Metromedia and Kluge charged the debtor and the debtor's son, Roy Fugazy, with violating the Racketeer Influenced and Corrupt Organizations Act ("RICO Action"). Both actions were consolidated for trial ("RICO Trial").

Following the RICO Trial, a jury found that the debtor violated the following statutes: (1) § 12(2) of the Securities Act of 1933; (2) 15 U.S.C. § 771(2); and, (3) 18 U.S.C. §§ 1962(b), (c) and (d) ("RICO Act"). The jury awarded Metromedia damages in the amount of $15,553,930.89. Pursuant to the RICO Act, this amount was trebled by the district court. Thereafter, the court entered a judgment in favor of Metromedia and against the debtor in the total amount of $46,661,792.67. On December 5, 1990, the district court denied the debtor's motion for judgment n.o.v. the jury verdict. *Metromedia Co. v. Fugazy*, 753 F.Supp. 93 (S.D.N.Y.1990). This decision was affirmed by the United States Court of Appeals for the Second Circuit and the United States Supreme Court denied certiorari. *Metromedia Co. v. Fugazy*, 983 F.2d 350 (2d Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 2445, 124 L.Ed.2d 662 (1993).

Metromedia relies on the jury's findings following the RICO Trial to support of its motion for summary judgment. In determining that the debtor violated provisions of the RICO Act, the jury found that the debtor committed one or more acts of mail fraud, wire fraud and bankruptcy fraud.

### Mail and Wire Fraud

The jury found that the debtor committed acts of wire fraud and mail fraud. The district court's charge to the jury regarding these acts provided as follows:

> In order to establish that mail or wire fraud has been committed, Metromedia must prove the following elements by a preponderance of the evidence:
>
> First, that William Fugazy devised or intended to devise a scheme or artifice to defraud someone of money or property by false or fraudulent pretenses, representations, or promises, or aided and abetted another in devising such a scheme;
>
> Second, that William Fugazy devised or became a party to such a scheme or artifice knowingly, willingly, and with the intent to defraud; and
>
> Third, that for purposes of executing the scheme or artifice, William Fugazy used

> or caused another to use or caused another to use the mails or interstate wires, depending on whether mail or wire fraud is charged.
>
> A 'scheme or artifice' means a plan or course of conduct intended to deceive another of something of value by means of false pretenses, representations and promises.
>
> 'To defraud' means to cheat or to deprive someone of something valuable.

*Neger Affidavit* (Exhibit A), p. 2046–47.

### Bankruptcy Fraud

The jury at the RICO action found that the debtor engaged in bankruptcy fraud. With respect to the issue of bankruptcy fraud, the district court's jury charge at the RICO trial included the following instruction:

> In this case, Metromedia alleges that William Fugazy committed the following predicate acts: securities fraud, bankruptcy fraud, mail fraud, and wire fraud. I have determined as a matter of law that the defendants are estopped from challenging Metromedia's claim of bankruptcy fraud. Thus, you may take this claim as having been proved. However, it is still necessary for you to make a finding to that effect and to determine whether the bankruptcy fraud was part of a 'pattern of racketeering activity.'

*Id.* at 2045.

The instruction was based upon a decision rendered in the bankruptcy case of Fugazy Express, Inc. ("Fugazy Express"), a corporate Chapter 7 case pending in the United States Bankruptcy Court for the Southern District of New York before Chief Bankruptcy Judge Burton Lifland. In that case, Metromedia and Fugazy Express' Chapter 7 trustee commenced an adversary proceeding to avoid a transfer of the certain assets belonging to the company. Specifically, Metromedia and the trustee charged the debtor, formerly Chairman of Fugazy Express's Board of Directors, with improperly conveying certain FCC licenses to RFD Limousine, Inc., his son Roy Fugazy's company.

The bankruptcy court granted a motion for summary judgment in favor of Metromedia and the trustee, and in a written decision found that the debtor had improperly conveyed assets of the company. *In re Fugazy Express, Inc.*, 114 B.R. 865, 876 (Bankr.S.D.N.Y.1990). The court's decision was influenced by the fact that the debtor had previously signed a Consent Order which was entered by the court in September, 1987. The Consent Order stated that the debtor acted without authority in purportedly assigning an FCC license from Fugazy Express to RFD Limousine Corp., a company owned by Roy Fugazy. *Neger Affidavit* (Exhibit D). The written decision provides in relevant part as follows:

> The Court has already found that William Fugazy's conduct represented a clear violation of Code § 549(a)(2)(B). The Consent Order dated September 10, 1987 was dispositive of William Fugazy's liability to Metromedia for improperly transferring the License during the bankruptcy proceeding. Once the bankruptcy petition is filed, a debtor may not transfer assets out of the ordinary course of business without court approval.

*Fugazy Express*, 114 B.R. at 875. The court further characterized the debtor's actions as "serious misconduct". *Id.* at 875.

On June 20, 1990, the court entered an order consistent with the written decision. The order was subsequently affirmed by the United States District Court for the Southern District of New York. *In re Fugazy Express, Inc.*, 124 B.R. 426 (S.D.N.Y. 1991). Thereafter, the debtor further appealed the order to the United States Court of Appeals for the Second Circuit which dismissed the proceeding for lack of appellate jurisdiction.

Metromedia argues that its motion for summary judgment should be granted because there are no material facts in issue. Metromedia asserts that all relevant factual issues have already been determined at the RICO Trial. Metromedia argues that the debtor is barred by collateral estoppel from relitigating the factual issues that were determined by the jury following that proceeding. Specifically, Metromedia alleges that it has established that the debtor's conduct which caused its injury was willful and malicious. Accordingly, it contends that, as a matter of law, its claim against the debtor is nondischargeable under 11 U.S.C. § 523(a)(6).

The debtor opposes Metromedia's motion and has cross-moved for summary judgment to dismiss the complaint. In opposition to Metromedia's motion, the debtor argues that his activities, as determined by the jury following the RICO Trial, do not constitute willful and malicious injury within the meaning of 11 U.S.C. § 523(a)(6). In support of his motion to dismiss the causes of action asserted by Metromedia under 11 U.S.C. §§ 523(a)(2)(A), (a)(2)(B), and (a)(4), the debtor argues that, as a matter of law, Metromedia's claim should not be excepted from his discharge.

## DISCUSSION

In ruling on a motion for summary judgment, the court must review the pleadings, depositions, answers to interrogatories, admissions and affidavits, if any to determine whether there is no genuine issue as to any material fact so that the moving party is entitled to judgment as a matter of law. Fed.R.Bankr.P. 7056; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). The inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 599, 106 S.Ct. 1348, 1362, 89 L.Ed.2d 538 (1986). The nonmoving party may oppose a summary judgment motion by making a showing that there is a genuine issue as to a material fact in support of a verdict for that party. *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2510.

### Metromedia's Motion for Summary Judgment

The standard of proof required to establish an exception to discharge under

§ 523(a) is the preponderance of evidence. *Grogan v. Garner*, 498 U.S. 279, 285, 111 S.Ct. 654, 658, 112 L.Ed.2d 755, 767 (1991). Thus, to establish the nondischargeability of his claim, Metromedia must show that, more likely than not, the harm which resulted from the debtor's activities constitutes willful and malicious injury within the meaning of the statute. For purposes of 11 U.S.C. § 523(a)(6), the term willful means that the act was done deliberately or intentionally. *See* S.Rep. No. 95–989, 95th Cong., 2d Sess. 79 (1978), *reprinted in* 1978 U.S.Code Cong. & Ad.News, 1978, pp. 5787, 5865. Specific intent to harm or injure is not required. *Johnson v. Keller (In re Keller)*, 106 B.R. 639, 643 (9th Cir. BAP 1989); *In re McQueen*, 102 B.R. 120, 124 (Bankr.S.D.Ohio 1989). An injury is malicious under 11 U.S.C. § 523(a)(6) when it was done consciously without just cause or excuse. *In re Galizia*, 108 B.R. 63, 69 (Bankr.W.D.Pa.1989). The act need not have been done out of spite or ill will. *Vulcan Coals, Inc. v. Howard*, 946 F.2d 1226, 1229 (6th Cir.1991); *In re Morton*, 100 B.R. 607, 611 (Bankr.N.D.Ga.1989); *In re Valentine*, 104 B.R. 67, 69 (Bankr. S.D.Ind.1988); *In re Condict*, 71 B.R. 485, 487 (Bankr.N.D.Ill.1987). In general, courts have held that willful and malicious injury occurs when a wrongful act done intentionally necessarily produces the harm that results. *Perkins v. Scharffe*, 817 F.2d 392, 394 (6th Cir.1987), *cert. denied*, 484 U.S. 853, 108 S.Ct. 156, 98 L.Ed.2d 112 (1987); *Impulsora del Territorio Sur v. Cecchini (In re Cecchini)*, 780 F.2d 1440, 1443 (9th Cir.1986); *In re Shervin*, 112 B.R. 724, 736 (Bankr.E.D.Pa.1990); *In re Guy*, 101 B.R. 961, 982 (Bankr.N.D.Ind. 1988); *In re De Rosa*, 20 B.R. 307, 313 (Bankr.S.D.N.Y.1982).

The debtor urges this court to construe the term "willful and malicious" in the context of 11 U.S.C. § 523(a)(6) more strictly. Citing decisions rendered in other districts, the debtor argues that injury, for nondischargeability purposes, is defined as deliberate or intentionally inflicted harm and that specific intent to cause the resulting injury must be shown to prove nondischargeability. *See Dorr, Bentley & Pecha, CPA's, P.C. v. Pasek (In re Pasek)*, 983 F.2d 1524, 1527 (10th Cir.1993) *Hartley v. Jones (In re Hartley)*, 869 F.2d 394, 395 (8th Cir.1989); *In re Noller*, 56 B.R. 36, 38 (Bankr.E.D.Wis.1985); *In re Finnie*, 10 B.R. 262, 264 (Bankr.D.Mass.1981). However, this court has recently decided not to follow these cases because it is not bound by them under the doctrine of *stare decisis* and because it is not persuaded by the underlying reasoning which supports them. *See In re Kaperonis*, 156 B.R. 736 (Bankr. S.D.N.Y.1993). Clearly, intentional tortfeasors should not be granted a safe haven under the Bankruptcy Code for their deliberate, wrongful acts.

■ The doctrine of collateral estoppel applies when a question of fact essential to a judgment is actually litigated and determined by a final and valid judgment. That determination is conclusive between the same parties or their privies, in a subsequent suit on a different cause of action. *Restatement (Second) of Judgments* § 17(3) (1980). The Second Circuit utilizes a two-tiered test in determining whether collateral estoppel is applicable: (1) The issues in the two proceedings must be identical; and (2) The party sought to be estopped must have had a full and fair opportunity to contest the prior determination. *C.H. Sanders Co. v. BHAP Housing Dev. Fund Co., Inc.*, 903 F.2d 114, 121 (2d Cir. 1990), *reh'g denied*, 910 F.2d 33 (2d Cir. 1990).

■ In the instant case, both aspects of this test are satisfied. The central issue to this proceeding is identical to the issue in the prior proceeding. In both instances, the issue was whether the debtor committed the acts which predicate his liability under the RICO Act. The debtor, the party to be estopped, had a full and fair opportunity to contest his guilt at the RICO Trial. Collateral estoppel bars the debtor from relitigating the issues that were the subject of that proceeding. Accordingly, the debtor is estopped from relitigating before this court the issue of whether he committed the acts in question.

■ This court must now determine whether the debtor's actions constitute

willful and malicious conduct within the meaning of 11 U.S.C. § 523(a)(6) as a matter of law. The debtor acted willfully and maliciously when he committed the acts which underly the RICO Trial. The jury in that proceeding specifically found that the debtor has acted intentionally and deliberately when he engaged in wire and mail fraud. Indeed, intent to defraud or injure was a necessary element of both offenses. The jury also found that the debtor's commission of bankruptcy fraud was part of a deliberate scheme to injure Metromedia. Manifestly, engaging in mail fraud, wire fraud and bankruptcy fraud necessarily produces harm. The debtor's acts constitute willful and malicious injury and therefore his obligation to Metromedia is nondischargeable under 11 U.S.C. § 523(a)(6). This court moreover rejects the debtor's argument that the portion of Metromedia's claim which represents treble damages should not be excepted from the debtor's discharge. The entire judgment is nondischargeable under 11 U.S.C. § 523(a)(6) because treble damages and the compensatory damages flow from the same course of conduct. *See Britton v. Price (In re Britton)*, 950 F.2d 602, 606 (9th Cir.1991); *In re Hale*, 155 B.R. 730, 737 (Bankr.S.D.Ohio 1993); *In re Green*, 138 B.R. 622, 623 (Bankr.D.N.M.1992); *In re Dahlstrom*, 129 B.R. 240, 246 (Bankr.D.Utah 1991); *In re Tobman*, 96 B.R. 429, 440 (Bankr.S.D.N.Y. 1989), *rev'd on other grounds*, 107 B.R. 20 (S.D.N.Y.1989). Accordingly, Metromedia's motion for summary judgment to declare its claim nondischargeable under 11 U.S.C. § 523(a)(6) is granted and the debtor's cross-motion for summary judgment dismissing this cause of action is denied. In light of the fact that the Metromedia's claim is nondischargeable under 11 U.S.C. § 523(a)(6), this court need not pass upon the merits of the debtor's motion for summary judgment to dismiss the causes of action asserted by Metromedia under 11 U.S.C. §§ 523(a)(2)(A), (a)(2)(B) and (a)(4) to declare the nondischargeability of its debt.

### CONCLUSIONS OF LAW

1. This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(I).

2. Under the doctrine of collateral estoppel, Metromedia has established that, as a matter of law, its debt was incurred as a result of the debtor's willful and malicious injury as contemplated in 11 U.S.C. § 523(a)(6). Accordingly, Metromedia's motion for summary judgment is granted and its claim of approximately $46 million is excepted from the debtor's discharge.

3. The debtor's cross-motion for summary judgment to dismiss the causes of action asserted under 11 U.S.C. § 523(a)(6) is denied. Because Metromedia's claim is nondischargeable under 11 U.S.C. § 523(a)(6), as a matter of law, the court need not consider the debtor's cross-motion for summary judgment to dismiss the causes of action asserted by Metromedia under 11 U.S.C. §§ 523(a)(2)(A), (a)(2)(B) and (a)(4).

SETTLE ORDER on notice.