In re Michael Anthony STELLUTI
and Joanne Stelluti, Debtors.

**NAVISTAR FINANCIAL
CORPORATION,
Plaintiff,**

v.

Michael Anthony STELLUTI and
Joanne Stelluti, Defendants.

Bankruptcy No. 93 B 20870 (HS).
Adv. No. 93–5277A.

United States Bankruptcy Court,
S.D. New York.

Feb. 3, 1994.

**700**

White & Case, New York City, for plaintiff.

Harold, Salant, Strassfield & Spielberg, White Plains, NY, for debtors/defendants.

## DECISION ON MOTION BY NAVISTAR FINANCIAL CORPORATION FOR SUMMARY JUDGMENT

HOWARD SCHWARTZBERG, Bankruptcy Judge.

Navistar Financial Corporation ("Navistar"), the holder of a judgment against the defendant Chapter 7 debtors, Michael Anthony Stelluti and his wife, Joanne Stelluti, has moved pursuant to Federal Rule of Civil Procedure 56 and Bankruptcy Rule 7056 for summary judgment of Navistar's causes of action for nondischargeability under 11 U.S.C. §§ 523(a)(4) and 523(a)(6). Navistar's motion relies on the collateral estoppel effect of an oral opinion and judgment against

Crossroads Truck Center, Inc. and the Stellutis entered in the United States District Court for the District of New Jersey on October 20, 1993.

### UNDISPUTED FACTS

Navistar is a Delaware corporation with an office in Mount Laurel, New Jersey. Navistar is a financial affiliate of Navistar International Corp., a manufacturer of trucks and other vehicles, formerly known as International Harvester. Navistar is in the business of financing the acquisition of such vehicles.

Defendants Michael Anthony Stelluti, and his wife Joanne Stelluti, are residents of Scarsdale, New York. They filed with this Court voluntary joint petitions for relief under Chapter 7 of the Bankruptcy Code on April 30, 1993.

Mr. Stelluti was the president and sole shareholder of Crossroads Truck Center, Inc. ("Crossroads") a truck dealership located in Bridgewater, New Jersey. Mr. Stelluti also owned a company known as Crossroads Leasing Company ("Crossroads Leasing"). Pursuant to the terms of a Floorplan Financing Agreement between Navistar and Crossroads, Navistar provided the financing for the vehicles which Crossroads sold to its customers.

On November 9, 1987, Mr. Stelluti, on behalf of Crossroads, entered into a Dealer Sales/Maintenance Agreement (the "Dealership Agreement") with Navistar, which provides in pertinent part as follows:

> Prior to full payment of the purchase price, the Dealer shall have no right to sell or dispose of any goods delivered under the Agreement, except in the ordinary course of retail trade for their reasonable value and upon the express condition that on or before delivery the Dealer shall secure full settlement from his customer, and the proceeds of such resale, whether in cash, property or an obligation of the customer to the extent owed to Navistar, shall be considered the property of Navistar in lieu of the goods sold. *Cash proceeds of such resale shall be immediately forwarded to Navistar and all proceeds will be*

*held separately in trust for Navistar and subject to its order.*

Notice of Motion by Navistar Financial Corporation for Summary Judgment Against Defendants, Ex. 14 at ¶ 13, Adv.Pro. No. 93–5277A, *filed* Nov. 12, 1993 (emphasis added).

In May 1986, the Stellutis executed a guarantee in which they personally guaranteed Crossroads' obligation to Navistar.

Between June and August 1991, Crossroads financed the purchase of twenty-four trucks through Navistar, which Crossroads in turn sold to its customers for a total of $621,083.10. Crossroads received payment of $621,083.10 for the twenty-four trucks but failed to remit the funds to Navistar as required under the Dealership Agreement.

Instead of forwarding the payment to Navistar, the proceeds were deposited in Crossroads' account at Somerset Trust. The Stellutis then converted and withdrew the funds from this account in various transactions. In June 1991, $38,000.00 was paid from the account directly to Mrs. Stelluti as an alleged payoff of a loan made by her to Crossroads. On August 8, 1991, a check in the amount of $200,000.00 was drawn by Mr. Stelluti payable to himself and deposited into the Stellutis' personal joint account at Chemical Bank. On August 12, 1991, Mrs. Stelluti withdrew $200,000.00 from the Chemical Bank account and purchased a teller's check drawn to the order of M. Anthony Stelluti. The same day the $200,000.00 check was deposited into a newly opened money market account in the name of M. Anthony Stelluti and Joanne Stelluti·in Greenwich, Connecticut. Of this sum, $50,000.00 was used to pay down the Stellutis' second mortgage held by the Bank of New York on their Scarsdale home. Another $25,000.00 was deposited into a newly opened account at Raritan Savings Bank in the name of Crossroads Leasing, the leasing company wholly owned by Anthony Stelluti. On August 12, 1991, Mrs. Stelluti transferred $30,000.00 to the Stellutis' attorney in the New Jersey district court action. Between August 12 and August 16, 1991, Mr. Stelluti withdrew approximately $280,000.00 in order to pay down a debt to the FDIC which the Stelluti's had personally guaranteed while the remainder of the proceeds from the sale of the twenty-four trucks was distributed to the Stellutis in the form of salaries and interest payments on the Stellutis' home mortgage.

On October 21, 1991, Navistar commenced the New Jersey district court action against Crossroads, Crossroads Leasing and M. Anthony Stelluti for tortious interference of the Dealership Agreement, conversion and wrongful distribution of out-of-trust proceeds, and unjust enrichment. *See Transcript of Oral Opinion before Honorable Garrett E. Brown, Jr., Navistar Fin. Corp. v. Crossroads Truck Center, Inc.,* No. 91 Civ. 4730 (D.N.J. Oct. 20, 1993) [hereinafter Transcript]. In the fourth count of the complaint it was alleged that M. Anthony Stelluti and Joanne Stelluti would be unjustly enriched at Navistar's expense should the proceeds not be returned to Navistar. *Id.*

By order dated August 11, 1993, this Court granted Navistar's motion to lift the automatic stay imposed under 11 U.S.C. § 362(a) so that the New Jersey action could proceed. On October 20, 1993, the Honorable Garrett E. Brown, Jr. in the United States District Court for the District of New Jersey entered an oral opinion and partial summary judgment finding as follows:

(1) Against Mr. Stelluti on the claim of conversion of the proceeds held in trust for Navistar.

(2) Against Mr. Stelluti on the claim of malicious interference with contract.

(3) Against Mr. and Mrs. Stelluti, imposing a constructive trust for being unjustly enriched by the receipt of the trust proceeds.

(4) Against Mr. and Mrs. Stelluti, holding them jointly and severally liable as guarantors for the debts of Crossroads.

*Id.*

## DISCUSSION

Navistar seeks a determination that its judgment claim against the Stellutis is nondischargeable under 11 U.S.C. §§ 523(a)(4) and (6) which deny a discharge to an individual debtor for debts incurred:

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or

...

(6) for willful and malicious injury by the debtor[s] to another entity or to the property of another entity.

## SUMMARY JUDGMENT

The plaintiff has moved for partial summary judgment under Federal Rule of Civil Procedure 56, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056. In ruling on a motion for summary judgment, the court must review the pleadings, depositions, answers to interrogatories, admissions and affidavits, if any, to determine whether there is no genuine issue as to any material fact so that the moving party is entitled to a judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elect. Indust. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 599, 106 S.Ct. 2548, 1362, 91 L.Ed.2d 265 (1986). The nonmoving party may oppose a summary judgment motion by making a showing that there is a genuine issue as to a material fact in support of a verdict for that party. *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2510.

## COLLATERAL ESTOPPEL

■ The district court in New Jersey made specific findings of undisputed facts and conclusions of law as to many of the controlling issues in this case. Manifestly, the doctrine of collateral estoppel applies in bankruptcy discharge hearings. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). All that need be shown is that the issue sought to be precluded is identical to the one in the prior action and that the party sought to be estopped has had a full and fair opportunity to contest the prior determination. *C.H. Sanders Co. v. BHAP Housing Dev. Fund Co.*, 903 F.2d 114, 120 (2d Cir.1990), reh'g denied, 910 F.2d 33 (2d Cir.1990); *In re Fugazy*, 157 B.R. 761, 765 (Bankr.S.D.N.Y.1993). The burden of proof as to these points must be established by a preponderance of the evidence and not by the strict standard of clear and convincing evidence, as argued by the debtors. *Grogan v. Garner*, 498 U.S. at 291, 111 S.Ct. at 661.

■ Judge Brown, in his oral opinion, specifically found as undisputed that "Mr. Stelluti actually interfered with an actual contract right of the plaintiff with Crossroads," when they "took the proceeds for their own purposes and converted them." *Transcript* at 9. As to malicious interference, the court found that "Mr. Stelluti knew what he was doing, and was aware of the financing agreement. He intended to take the money and he did it.... It's obviously an intentional act without justification or excuse under law, and therefore is malicious within the meaning of malicious interference." *Id.* at 10–11.

■ Mr. Stelluti's failure to remit floor plan funds expressly held in trust on behalf of Navistar constitutes fraud or defalcation while acting in a fiduciary capacity within the meaning of 11 U.S.C. § 523(a)(4). *Chrysler Credit Corp. v. Rebhan*, 45 B.R. 609 (Bankr. S.D.Fla.1985), aff'd, 842 F.2d 1257 (11th Cir. 1988). Moreover, the District Court of New Jersey found that there was no dispute as to the fact that Mr. Stelluti intentionally converted the trust fund proceeds to his own use, *Transcript* at 10–11, which constitutes both nondischargeable embezzlement under 11 U.S.C. § 523(a)(4) and willful and malicious injury by the debtor to the property of another entity, within the meaning of 11 U.S.C. § 523(a)(6). See e.g., *In re Fugazy*, 157 B.R. at 765.

Accordingly, Navistar's judgment claim against Mr. Stelluti is nondischargeable under 11 U.S.C. §§ 523(a)(4) and 523(a)(6). There are no disputed facts as to these points and therefore summary judgment may be entered in favor of Navistar's claim against Mr. Stelluti that the amount of the New Jersey district court judgment is non-

dischargeable under 11 U.S.C. §§ 523(a)(4) and 523(a)(6).

## MRS. STELLUTI

■ There is no question that Mrs. Stelluti is also liable to Navistar as a guarantor of the debts of Crossroads. The judgment in the New Jersey action expressly states that she is jointly and severely liable under counts four and nine of the Amended Complaint. *Transcript* at 16. Count four charges that the Stellutis were unjustly enriched at Navistar's expense should the sums due Navistar not be returned to it. Therefore, a constructive trust is sought with respect to all sums due Navistar that were converted by Crossroads and/or Mr. Stelluti. Count nine of the Amended Complaint demands judgment against the Stellutis as guarantors of the obligations of Crossroads to Navistar.

Neither counts four nor nine in the Amended Complaint allege that Mrs. Stelluti was guilty of fraud or defalcation while acting in a fiduciary capacity or that she embezzled any funds from Navistar. Nor do counts four or nine charge Mrs. Stelluti with willful and malicious injury to Navistar or its property. The district court found that there was no dispute that Crossroads held the proceeds from the sale of the twenty-four trucks in trust and that no basis existed for the claim that Navistar had allowed the proceeds to leave the trust or that it had waived its rights under the Floorplan Financing Agreement. *Transcript* at 4. Moreover, the district court specifically found that there was no disputed fact that Mr. Stelluti converted the trust funds and that such conduct was "an intentional act without justification or excuse under law, and therefore is malicious within the meaning of malicious interference." *Id.* at 11. Nothing was said, however, as to Mrs. Stelluti's intention or state-of-mind. Nor was anything stated as to whether she accepted a trust relationship to Navistar, or did anything willfully, intentionally or maliciously to harm Navistar. These are questions of fact which may not be resolved on a motion for summary judgment with respect to the dischargeability of Mrs. Stelluti's obligations to Navistar.

■ While this is so, there is also no question that Mrs. Stelluti clearly benefitted from the conversion of the Navistar proceeds because of her status as the wife of Mr. Stelluti. Thus, to the extent that Mr. Stelluti benefitted from the conversion of the sale proceeds so did she. However, her guaranty of Crossroads' debts to Navistar did not arise solely out of her marital status. If Mrs. Stelluti's obligations to Navistar are to be determined to be nondischargeable, such a determination must rest on specifically articulated grounds expressed in the Bankruptcy Code and not merely because she is Mr. Stelluti's wife and thus benefitted indirectly from his proscribed conduct. Therefore, Navistar's motion for summary judgment as to the nondischargeability of Mrs. Stelluti's obligation is denied.

## CONCLUSIONS OF LAW

1. This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

2. Navistar's motion for summary judgment under 11 U.S.C. §§ 523(a)(4) and 523(a)(6) as to the debtor Michael Anthony Stelluti is granted for the amount owed under Navistar's judgment entered against Michael Anthony Stelluti in the District Court for the District of New Jersey. Such judgment is entitled to collateral estoppel effect with respect to Navistar's nondischargeability complaint in this Court.

3. Navistar's motion for summary judgment under 11 U.S.C. §§ 523(a)(4) and 523(a)(6) as to the debtor Joanne Stelluti is denied because there exists material questions of disputed fact which cannot be resolved on this motion for summary judgment.

SETTLE ORDER on notice.