In re Mark KRESSNER, Debtor.

Hilda GORE, Executrix of the Estate of Bernard Gore, Deceased, Plaintiff,

v.

Mark KRESSNER, Defendant.

Bankruptcy No. 91 B 21431.
Adv. No. 93–5045.

United States Bankruptcy Court,
S.D. New York.

Feb. 18, 1994.

Mark Kressner, debtor-defendant pro se.

Holm Krisel & O'hara, New York City, for plaintiff.

## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

HOWARD SCHWARTZBERG,
Bankruptcy Judge.

Plaintiff Hilda Gore ("Plaintiff"), the executrix of the estate of Bernard Gore ("Gore"), has moved under Federal Rule of Civil Procedure 56(a), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056(a), for an order granting partial summary judgment against the debtor. The plaintiff's motion, which alleges fraud or defalcation pursuant to 11 U.S.C. § 523(a)(4), relates to the within adversary proceeding which she has commenced to have this Court declare the plaintiff's claim to be nondischargeable pursuant to 11 U.S.C. §§ 523(a)(2) and (4), and to deny the debtor's discharge pursuant to 11 U.S.C. §§ 727(a)(3), (4), and (6).

This dispute is based on a fee splitting agreement entered into between Gore and the debtor under which the plaintiff holds a judgment in the amount of $506,938.07 against the debtor. The plaintiff argues that the relationship between the plaintiff and the debtor constituted a joint venture, which therefore established that the debtor acted in a fiduciary capacity. The debtor has objected to the motion for partial summary judgment, arguing that no such relationship has been established and that therefore, the plaintiff's claim under section 523(a)(4) must fail as a matter of law or be proved by a trial on the merits.

### FACTUAL BACKGROUND

The chapter 7 debtor in this adversary proceeding was formerly a practicing attorney specializing in plaintiff's negligence and malpractice cases from 1976 through 1985.

The plaintiff is the executrix of the estate of Bernard Gore, a deceased lawyer. Gore was an attorney who practiced in New York from 1935 until his death in 1982.

In 1980, Gore began to refer cases to the debtor who agreed to share the net fee earned in each case equally with Gore. The debtor paid Gore a referral fee in connection with most of the cases. However, the debtor

did not actually split the fees with Gore in some of the referred cases.

In order to recover these fees, the plaintiff commenced an action in the Supreme Court, New York County, seeking a determination that the agreement entered into between Gore and the debtor was valid and enforceable. In a written decision dated December 30, 1988, Justice White ruled that the agreement was valid and enforceable because Gore had contributed some work or services on the cases in question. *See, Gore v. Kressner,* 157 A.D.2d 575, 550 N.Y.S.2d 319 (1990). The court found that the debtor was liable on the contracts to Gore in the amount of $507,-938.07. *Id.* In addition, the court dismissed the plaintiff's cause of action for fiduciary fraud, holding that fiduciary fraud was not an available remedy because the plaintiff's claim was that the defendant entered into the contract with no intention of performing on it.

A judgment was entered on March 29, 1989. That decision, which forms the basis of the claim in this proceeding, was later affirmed by the Appellate Division First Department. *Id.*

On September 16, 1991, the debtor filed a voluntary petition in this Court for relief under chapter 7 of the United States Bankruptcy Code. On August 28, 1992, this court so ordered a stipulation between the debtor and the plaintiff extending until November 3, 1992 her time to object to the debtor's discharge.

Thereafter, on October 29, 1992, this Court so ordered a stipulation between the parties further extending the plaintiff's time to object until February 2, 1993. On February 2, 1993, the plaintiff filed a summons and adversary complaint commencing this action.

On March 6, 1993, the debtor filed a motion for summary judgment dismissing the complaint. On May 25, 1993, this court entered a written decision denying the debtor's motion.

In his answer filed on June 9, 1993, the debtor asserted five counterclaims. By written decision dated September 29, 1993, this court granted plaintiff's motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss all counterclaims for failure to state a cause of action.

The complaint contains six causes of action against the debtor. In the second cause of action, at issue in this motion, the plaintiff alleges that her claim is nondischargeable under 11 U.S.C. § 523(a)(4) because it arises from the debtor's fraud or defalcation while acting in a fiduciary capacity.

## DISCUSSION

The plaintiff has moved for partial summary judgment under Federal Rule of Civil Procedure 56, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056. In ruling on a motion for summary judgment, the court must review the pleadings, depositions, answers to interrogatories, admissions and affidavits, if any, to determine whether there is no genuine issue as to any material fact so that the moving party is entitled to a judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elect. Indust. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 599, 106 S.Ct. 1348, 1362, 89 L.Ed.2d 538 (1986). The nonmoving party may oppose a summary judgment motion by making a showing that there is a genuine issue as to a material fact in support of a verdict for that party. *Anderson,* 477 U.S. at 249, 106 S.Ct. at 2510.

The plaintiff seeks an order from this Court determining that her claim against the debtor as reflected in the state court decision is nondischargeable pursuant to 11 U.S.C. § 523 which states:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

. . . .

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny;

■ In order to sustain a claim under this section of the Bankruptcy Code, the plaintiff must show that the debtor was a fiduciary. *In re Kaufman,* 85 B.R. 706 (Bankr.S.D.N.Y. 1988). Debts for fraud or defalcation while acting in a fiduciary capacity are excepted from discharge. *In re Black,* 787 F.2d 503 (10th Cir.1986); *In re Johnson,* 691 F.2d 249 (6th Cir.1982). The burden of proving that a debt falls within the statutory exception is on the party opposing dischargeability. *In re Black,* 787 F.2d at 505.

■■ The issue of fiduciary status pursuant to Section 523(a)(4) is determined by looking to state law. *In re Stone,* 90 B.R. 71, 79 (Bankr.S.D.N.Y.1988); *See also, Ragsdale v. Haller,* 780 F.2d 794 (9th Cir.1986); *In re Interstate Agency, Inc.,* 760 F.2d 121 (6th Cir.1985). In New York, joint venturers owe each other a fiduciary duty. *Gramercy Equities Corp. v. Dumont,* 72 N.Y.2d 560, 534 N.Y.S.2d 908 (1988). The plaintiff argues that this Court should find that, under New York law, the fee splitting agreement between Gore and the debtor was a joint venture.

■ In order to find the existence of a joint venture this Court must consider the intent of the parties, whether there was joint control and management of the business, whether there was a sharing of the profits and the losses, and whether there was a combination of property, skill, or knowledge. *In re Roxy Roller Rink Joint Venture,* 67 B.R. 479, 483 (S.D.N.Y.1986) (*citing Ramirez v. Goldberg,* 82 A.D.2d 850, 852, 439 N.Y.S.2d 959, 961 (1981)). This determination is difficult to make in the instant case due to the fact that this court does not have before it an express joint venture agreement entered into between the parties.

■ In support of her position that a valid joint venture existed here, the plaintiff argues that the attorneys agreed to split fees and therefore must have intended to enter into a joint venture. In his papers, however, the debtor denies that there was any intention to create a joint venture. Under New York State law, not every fee splitting agreement is legally characterized as a joint venture. *See e.g., Ramirez v. Goldberg,* 82 A.D.2d at 851, 439 N.Y.S.2d 959. Thus, plaintiff's argument cannot be sustained on summary judgment based on the undisputed facts before this Court.

■ The plaintiff also asserts that the New York Supreme Court's findings should be given collateral estoppel effect as to the joint venture between the debtor and Gore. Manifestly, the doctrine of collateral estoppel applies in bankruptcy discharge hearings. *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). The proponent must show that the issue sought to be precluded is identical to the one in the prior action and that the party sought to be estopped has had a full and fair opportunity to contest the prior determination. *C.H. Sanders Co. v. BHAP Housing Dev. Fund Co.,* 903 F.2d 114, 120 (2d Cir.1990), *reh'g denied,* 910 F.2d 33 (2d Cir.1990); *In re Fugazy,* 157 B.R. 761, 765 (Bankr.S.D.N.Y.1993).

Judge White, in his written opinion, specifically found that Gore performed services on the cases at issue, and that the agreement to share the fee equally was valid and enforceable. As to fraud, however, the court dismissed the plaintiff's cause of action and made no specific finding regarding any trust or fiduciary relationship existing between Gore and the debtor.

Accordingly, based on the undisputed record before this Court, plaintiff's motion for partial summary judgment to deny the dischargeability of the debt is denied.

### CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(I).

2. The plaintiff has not met its burden pursuant to Federal Rule of Bankruptcy Procedure 7056 of showing that the debtor was acting in a fiduciary capacity. The plaintiff's motion for partial summary judgment under 11 U.S.C. § 523(a)(4) as to the debtor is denied.

SETTLE ORDER on notice in accordance with the foregoing.