In re George Francis COVINO, Jr., Leslie Joan Covino, Debtors.

FIREMEN'S FUND INSURANCE COMPANY, Plaintiff,

v.

George Francis COVINO, Jr., and Leslie Joan Covino, Defendants.

Bankruptcy No. 80–778–BK–J–GP.

Adv. No. 81–92.

United States Bankruptcy Court, M. D. Florida, Jacksonville Division.

July 24, 1981.

Gary A. Bubb, Jacksonville, Fla., for plaintiff.

John F. Russell, Homosassa Springs, Fla., for defendants.

## MEMORANDUM DECISION

GEORGE L. PROCTOR, Bankruptcy Judge.

This is an action seeking an exception to discharge under § 523(a)(4) of the Bankruptcy Code.

George Francis Covino was an employee and officer of Titus & Donnelly, Inc. On several occasions he made checks payable to himself or to other employees and forged an authorizing signature and/or endorsement so he would receive the proceeds of the checks. He also made false entries in the ledgers of the firm to conceal his activities. When these acts were discovered, Covino voluntarily signed a written confession and executed a demand note payable to Titus & Donnelly, Inc., in the amount of $19,062.33. By virtue of a fidelity bond and insurance policy covering Titus & Donnelly, Inc., for embezzlement and fraud of its employees, the plaintiff paid Titus & Donnelly, Inc., the sum of $14,062.33.

The defendant argues that the plaintiff has no standing to bring this action because the defendant did not embezzle from or defraud the plaintiff. He contends that the plaintiff's payment was pursuant to a contract and that his former employer is the only one with standing to bring this action. Plaintiff, as surety, claims that it is subrogated to the right of the debtor's prior employer for purposes of seeking an exception to discharge.

In *Allen v. See*, 196 F.2d 608, 610 (10th Cir., 1952), in ruling on whether a surety was entitled to file a claim against the debtor, the court stated:

> See was a surety on this debt. His discharge of the obligation as such to the bank, by payment of the defaulted balance due the bank, did not discharge the obligation and bring into existence a new debt. It was the same debt. It is well settled that where one secondarily liable is called upon to make good on his obligation and pays the debt, he steps into the shoes of the former creditor. He becomes subrogated to all the rights of the creditor against the principal debtor . . . .

A very similar issue arose in *Hartford Accident & Indemnity Co. v. Flanagan*, 28 F.Supp. 415 (S.D.Ohio 1939), a case decided under the Bankruptcy Act. Section 17a(4) of the Act declared non-dischargeable debts

that "*were created by* his fraud, embezzlement, misappropriation or defalcation . . . " (emphasis added). In that case, the bankrupt argued that the payment by the plaintiff pursuant to an indemnity agreement was created by the contract of indemnity and not by any act of embezzlement. In declaring that the surety was a proper plaintiff the Court stated:

> the act should be liberally construed so as to prevent the discharge in bankruptcy of a liability which would not exist but for the fraudulent conduct of the bankrupt. . . . If there had been no embezzlement or misappropriation there would have been no loss to the surety and no occasion for indemnity.

*Id.* at 419. Section 523(a)(4) excepts from discharge a debt "for . . . embezzlement or larceny," without limitation on persons entitled to bring an action.[1]

The Court is of the opinion that this public policy argument should prevail. The dischargeability of this debt, which unquestionably initially arose as a result of the debtor's embezzlement, should not depend on whether the employer had the foresignt to purchase insurance.

Wherefore, in view of the foregoing discussion, the Court shall separately enter a final judgment declaring the debt to be non-dischargeable.

The facts show that Leslie Joan Covino had no part in any of the alleged misdeeds; accordingly, with the consent of the parties, Leslie Joan Covino will be dismissed as a defendant.

---

1. In contrast, § 523(a)(5) states that an otherwise non-dischargeable debt for alimony or wise non-dischargeable debt for alimony or support is discharged if the debt has been assigned to another entity.