In re Paul FERRUZZA, Debtor.

Dominick TATAVITTO, Plaintiff,

v.

Paul FERRUZZA, Defendant.

Bankruptcy No. 89 B 20402.

89 Adv. 6057.

United States Bankruptcy Court,
S.D. New York.

Nov. 30, 1989.

Dubbs, DePodwin & Goldstein, Spring Valley, N.Y., for plaintiff.

McGovern, Connelly & Davidson, New Rochelle, N.Y., for defendant.

## DECISION TO DETERMINE NONDISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(2)(B)

HOWARD SCHWARTZBERG,
Bankruptcy Judge.

This is an adversary proceeding commenced by DOMINICK TATAVITTO, as plaintiff, against the debtor, PAUL FERRUZZA, to determine the dischargeability of a debt pursuant to 11 U.S.C. § 523(a)(2)(B). The plaintiff obtained a jury verdict and a judgment against the debtor in the Supreme Court of the State of New York, County of Dutchess, for $25,336.00, together with interest from March 24, 1983. The judgment was obtained by the plaintiff on his counterclaim against the debtor following the dismissal of the debtor's lawsuit to recover the balance due from the plaintiff for the purchase of the debtor's delicatessen in Dutchess County, New York.

## FINDINGS OF FACT

1. On June 23, 1989, the debtor, PAUL FERRUZZA, filed with this court a voluntary petition under Chapter 7 of the Bankruptcy Code and an order for relief was entered.

2. The plaintiff, DOMINICK TATAVITTO, is a resident of Dutchess County, New York. He is a creditor of the debtor, having obtained a judgment against the debtor in the sum of $25,336.00, plus interest, which was entered on March 24, 1983, in the Supreme Court of the State of New York, Dutchess County. The action was tried in the state court before a jury in March of 1983. The verdict of the jury was rendered against the debtor, dismissing his complaint to collect on a promissory note secured by a mortgage on the plaintiff's house. The jury rescinded the mortgage and entered a verdict of $25,000.00 on the counterclaim to that action which was filed by the plaintiff in that proceeding.

3. After the jury verdict in favor of the plaintiff in the state court, the debtor moved to set aside the jury verdict on the counterclaim and for judgment notwithstanding the verdict, or, in the alternative, for a new trial on the ground that the verdict was contrary to the weight of the evidence. By order entered on May 17, 1983, the state court denied the debtor's motion.

4. The judgment which was entered in the Supreme Court, State of New York,

Dutchess County, on March 24, 1983, recites in relevant part as follows:

ADJUDGED that the complaint of PAUL FERRUZZA against DOMINICK TATAVITTO seeking foreclosure be in the same is hereby dismissed on the merits, and it is further

ADJUDGED that the note and mortgage recorded in the office of the County Clerk of Dutchess County on March 27, 1979 in Liber 1230 of Mortgages at page 664 described in plaintiff's complaint and executed by the defendant, DOMINICK TATAVITTO, for the purpose of securing payment to PAUL FERRUZZA in the sum of Forty One Thousand Nine Hundred Thirty Dollars ($41,930.00) with interest on or about February 16, 1979; the Notice of Pendency dated August 7, 1981 filed by the plaintiff in this action and the contract dated February 16, 1979 executed by the plaintiff and the defendant and described in the defendant's counterclaim, be in the same is hereby rescinded, vacated, annulled and set aside, and it is further

ADJUDGED AND ORDERED that the note and mortgage made and executed by DOMINICK TATAVITTO to PAUL FERRUZZA on the 16th day of February, 1979, dated the 16th day of February, 1979, and recorded in the office of the Clerk of the County of Dutchess on March 27, 1979 in Liber 1230 of Mortgages at page 664 mortgaging the defendant's premises described in plaintiff's complaint be in the same are hereby cancelled and satisfied, and it is further

ADJUDGED AND ORDERED that the Clerk of the County of Dutchess, State of New York, mark the aforesaid mortgage recorded in his office in Liber 1230 of Mortgages at page 664, cancelled and discharged of record upon the production and delivery to the Clerk of the County of Dutchess, a certified copy of this Judgment and Order, and it is further

ADJUDGED AND ORDERED that all debts and obligations secured by the said note and mortgage shall be cancelled, and it is further

ADJUDGED AND ORDERED that the defendant, DOMINICK TATAVITTO, residing at Lake View Road, Hillside Lake, Wappingers Falls, New York 12590, recover judgment against the plaintiff, PAUL FERRUZZA, residing at 156 Wash Burns Lane, Stony Point, New York 10980, for the sum of Twenty Five Thousand Dollars ($25,000.00) together with interest from the 24th day of March, 1983 and the costs and disbursements of this action taxed in the sum of Three Hundred Thirty Six Dollars ($336.00), making the aggregate sum of Twenty Five Thousand Three Hundred Thirty Six Dollars ($25,336.00) and have execution therefore and it is further

ADJUDGED AND ORDERED that the Clerk of the Court shall enter judgment in favor of the defendant, DOMINICK TATAVITTO, and against the plaintiff, PAUL FERRUZZA, accordingly.

5. The plaintiff did not introduce in evidence the pleadings or the transcript of the trial with respect to which the jury verdict and judgment were entered. It cannot be determined from a reading of the judgment against the debtor that the plaintiff's recovery was based on fraudulent representations or a written statement respecting the debtor's financial condition. The judgment could have resulted from a breach of contract, mistake or failure to convey clear title.

6. The plaintiff testified that in February of 1979, he agreed to purchase a delicatessen then operated by the debtor in Baldwin Place, New York, known as the "Italian Kitchen". The purchase price was $44,930.00, payable $3,000.00 down, and the balance of $41,930.00 over a period of years, with a fixed monthly installment.

7. The plaintiff executed a mortgage on his personal residence in the amount of $41,930.00 to secure the note which he issued to the debtor to cover the balance of the purchase price for the delicatessen.

8. The plaintiff testified that he was induced to purchase the debtor's delicatessen because the debtor represented that the delicatessen produced business of approximately $4,500.00 per month, whereas this representation was false because the

business did not produce as much as $4,500.00 per month.

9. The plaintiff offered no evidence to prove precisely how much business was produced at the delicatessen each month after the sale.

10. The plaintiff testified that after he purchased the debtor's delicatessen and paid $2,000.00 in cash and $1,000.00 in stock, he learned that the business did not produce $4,500.00 per month, as represented by the debtor. The plaintiff operated the delicatessen for about five or six months after the purchase and then discontinued the business. He also discontinued paying installment sums to the debtor for the purchase price.

11. The plaintiff testified that after his purchase of the delicatessen, he found a bag of cash register tapes which revealed that the business produced at the delicatessen was less than figures represented to him by the debtor. However, the plaintiff said that he threw out the tapes after he obtained a judgment against the debtor on his state court counterclaim. Thus, there was no proof as to what the tapes revealed, nor was there any proof as to what the actual figures where.

12. For a period of two weeks before the sale of the delicatessen, the plaintiff worked in the store with the debtor in order to learn the operation and to become acquainted with the suppliers. The debtor was anxious to sell the business because he was about to undergo surgery for cancer. The debtor testified that during the two-week period before the plaintiff purchased the delicatessen, the plaintiff was present in the store every day and observed the cash sales and was introduced to the suppliers.

13. The debtor testified that for a period of two months after the plaintiff purchased the delicatessen, the business was good. When the debtor visited the store after his surgery, he said that he noticed that the shelves were empty and that plaintiff was not sufficiently replenishing the inventory. The debtor also testified that he saw molded cheese and refrigerator doors left open. The debtor also testified that the neighbors complained to the Health Department because of the unsanitary condition of the premises after the plaintiff abandoned the business.

14. After the plaintiff discontinued installment payments for the purchase of the delicatessen, the debtor commenced a state court action to recover the balance of the purchase price for the delicatessen. The plaintiff, who was the defendant in the state court action, counterclaimed for recision and damages. It is alleged that the counterclaim was based on grounds of fraud and misrepresentation.

15. In a supporting affidavit, sworn to October 19, 1989, the plaintiff also alleges that the debtor represented that the plaintiff would have a clear title to the business, whereas, the plaintiff discovered after the purchase that there were outstanding liens against the delicatessen. There was no proof presented during the hearing in this court as to any encumbrances or title issues which might have been tried in the state court.

## DISCUSSION

The fraudulent conduct on the part of a debtor which will result in a determination of nondischargeability under 11 U.S.C. § 523(a)(2) is described as follows:

(a) A discharge under § 727, 1141, 1228[a], 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

(B) use of a statement in writing—

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive;

The objecting creditor has the burden of introducing a record sufficient to reveal by clear and convincing evidence the controlling facts and prove the specific issues which were litigated and found by the jury in the previous litigation between the parties. *In re Tobman*, 107 B.R. 20 (S.D.N.Y. 1989). ("Thus, if the decision in the prior action determined factual issues using standards identical to those of § 523, then collateral estoppel would preclude the relitigation of those issues in the bankruptcy court.")

In the instant case, the plaintiff has failed to sustain his burden of proving by clear and convincing evidence that the jury verdict in his favor against the debtor created a debt obtained by false pretenses, false representations, or actual fraud within the meaning of 11 U.S.C. § 523(a)(2)(A). More importantly, there was no proof that the jury verdict arose out of the use of a statement in writing that was materially false respecting the debtor's financial condition on which the plaintiff relied. Indeed, although 11 U.S.C. § 523(a)(2)(B), which was specifically referred to in paragraph # 1 of the complaint, relates to a statement in writing respecting the debtor's financial condition, there was no proof that this issue was the basis for the plaintiff's jury verdict against the debtor. It cannot be said that the jury actually decided that the debtor was liable to the plaintiff for the amount awarded by the verdict as a result of the plaintiff's reliance upon a materially false statement in writing respecting the debtor's financial condition.

"Impressionistic characterizations of the jury verdict are not substitutes for compliance with the specific conditions required to invoke collateral estoppel as articulated by the Second Circuit." *In re Tobman*, 107 B.R. at 24; See *Gelb v. Royal Globe Isurance Co.*, 798 F.2d 38, 44 (2d Cir.1986), cert. denied, 480 U.S. 948, 107 S.Ct. 1608, 94 L.Ed.2d 794 (1987).

## CONCLUSIONS OF LAW

1. The court has jurisdiction of the subject matter and the parties in accordance with 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

2. The plaintiff has failed to sustain his burden of proving by clear and convincing evidence that the issues decided in the state court jury verdict in his favor against the debtor created a nondischargeable debt within the meaning of 11 U.S.C. § 523(a)(2).

3. The complaint filed by the plaintiff which seeks a determination of nondischargeability as to the plaintiff's judgment claim against the debtor shall be dismissed with the result that plaintiff's claim against the debtor shall be discharged.

SETTLE ORDER ON NOTICE.