**In re Gordon E. MAYNARD, Debtor.**

**The OHIO COMPANY, Plaintiff,**

**v.**

**Gordon E. MAYNARD, Defendant.**

**Bankruptcy No. 92–2115–8P7.**
**Adv. No. 92–403.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

April 20, 1993.

**934**

Richard C. Prosser, Tampa, FL, J. Kevin Cogan, Columbus, OH, for plaintiff.

Guillermo A. Ruiz, Saint Petersburg, FL, for defendant.

### ORDER ON DEFENDANT'S MOTION TO DISMISS COUNT V OF AMENDED COMPLAINT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the matter under consideration is a Motion to Dismiss the Complaint filed by The Ohio Company (Plaintiff). The Motion filed by Gordon E. Maynard (Debtor) is based on the contention that the Complaint fails to state a claim for which relief can be granted. The claim under challenge is set forth in the Amended Count V, and is supposed to be based on § 727(a)(5) of the Bankruptcy Code. In the alternative, the Plaintiff seeks a determination that debts owed to it by the Debtor are nondischargeable under § 523(a)(4). Although, Count V is nominally a claim to deny discharge under § 727(a)(5), it is clear from a reading of the allegations that it is really a claim of nondischargeability based on § 523(a)(4).

Because this cause is before this Court on a Motion to Dismiss, the allegations in the Complaint and the Amended Count V must be taken as true for the purposes of determining whether a valid cause of action has been plead. The facts as alleged by Plaintiff and appear from the record are as follows:

Plaintiff is an Ohio corporation engaged in the business, *inter alia,* of providing brokerage and investment services to customers in the Midwest and Florida. The Debtor was employed by Plaintiff as a National Association of Securities Dealers (NASD) registered broker-dealer from

March, 1981 until July, 1987. During his employment with Plaintiff, the Debtor allegedly engaged in improper activities involving the sale of securities to several of the Plaintiff's investment brokerage clients. Subsequently, the Plaintiff incurred expenses of $4,238,272.94 defending and settling claims arising from the Debtor's actions.

The Debtor filed a Petition for Relief on February 18, 1992. The Plaintiff filed its Complaint for Objection to Discharge on May 20, 1992. On September 2, 1992, this Court granted the Debtor's Motion to Dismiss Count V with leave to amend. The Amended Complaint was filed September 14, 1992, and the Debtor again moved to dismiss Count V.

Plaintiff contends that the Debtor owed it a fiduciary duty as a result of the employment relationship between the parties. Section 523(a)(4) of the Bankruptcy Code provides that an individual debt is not dischargeable if it arises from fraud or defalcation of the debtor while acting in a fiduciary capacity. For purposes of this inquiry, the term "fiduciary" has a much narrower definition than that generally used. The relationship of the parties must give rise to an express trust before any wrong is committed, and without reference to the wrong. *Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 55 S.Ct. 151, 79 L.Ed. 393 (1934). The express trust may be created by contract between the parties or by statute. *See In re Angelle*, 610 F.2d 1335 (5th Cir.1980). In addition to an express trust, courts have recognized a fiduciary duty when a non-bankruptcy judicial decision has equated the duty owed within the relationship with that owed by a trustee to the trust's beneficiary. *In re Bennett*, 970 F.2d 138 (5th Cir.1992); *In re Cramer*, 93 B.R. 764 (Bankr.M.D.Fla.1988).

Applying the above to the facts of this case, it is clear that the Debtor did not stand in a fiduciary capacity to the Plaintiff so as to make the debt owed to Plaintiff nondischargeable under § 523(a)(4). First, there was no express trust created by contract or statute prior to the Debtor's alleged wrongdoing. Second, the relationship between employee and employer does not give rise to a fiduciary duty under § 523(a)(4). *See In re Gierman*, 106 B.R. 733 (Bankr.M.D.Fla.1989) (debt to employer arising from foreclosure deficiency, where loan officer knew that loan application was false).

Plaintiff relies on *In re Covino*, 12 B.R. 876 (Bankr.M.D.Fla.1981) for the proposition that an employee/employer relationship does give rise to a fiduciary duty under § 523(a)(4). However, such reliance is misplaced because the *Covino* case involved a debt which resulted from the embezzlement of corporate funds by a corporate officer. While such a debt is nondischargeable under § 523(a)(4), nondischargeability is based upon the finding of embezzlement, not defalcation while acting in a fiduciary capacity.

Plaintiff also cites *In re Sawyer*, 112 B.R. 386 (D.Colo.1990) to support its contention that the fact that the Debtor was a NASD-registered broker-dealer requires a finding of a fiduciary duty. However, *Sawyer* is clearly distinguishable, since it involved a debt arising out of the sale of commodities futures, and not securities. In *Sawyer*, the court found that the Commodity Exchange Act, 7 U.S.C. §§ 1–26 created an express trust with regard to such transactions, and that the debt owed by the broker-dealer was, therefore, not dischargeable. In the instant case, Plaintiff has not cited any statute or regulation which would create such a trust in regard to securities transactions.

In conclusion, it is this Court's considered opinion that even taking the allegations in the Amended Count V in a light most favorable to the Plaintiff, the allegations do not make out a valid cause of action under § 523(a)(4) of the Bankruptcy Code. Therefore, the Debtor's Motion to Dismiss Count V of the Amended Complaint is well taken and should be granted. In addition, since the Plaintiff has previously had one chance to amend, and there is no

apparent way to cure the deficiencies in the Amended Count, the Count is dismissed with prejudice.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion to Dismiss Count V filed by the Debtor is hereby granted, and Count V is dismissed with prejudice.

DONE AND ORDERED.