107 F.3d 923
 323 U.S.App.D.C. 290
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Theodore Carlton RICHARDSON, Appellant,
v.
OLD REPUBLIC SURETY CO., Appellee.
 No. 96-7012.
 United States Court of Appeals, District of Columbia Circuit.
 Feb. 06, 1997.
Rehearing Denied March 19, 1997.
 
 Before: GINSBURG, HENDERSON, and TATEL, Circuit Judges.
 
 JUDGMENT
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs of counsel. The court is satisfied, after reviewing the parties' briefs, that appropriate disposition of this case does not call for further opinion. See D.C.Cir.Rule 36(b).
 
 
 2
 Richardson argues that a debt arising out of a defalcation on the part of a fiduciary remains non-dischargeable under § 523(a)(4) of the bankruptcy code, 11 U.S.C. § 523(a)(4), only for so long as it is owed to the party with whom the debtor stood in a fiduciary relationship. Richardson accordingly urges that the non-dischargeability of a debt that he owed to a court-created trust did not survive subrogation. We find no support for Richardson's argument either in the logic of the bankruptcy laws or in the caselaw. See Hartford Casualty Insurance Company v. Fields, 926 F.2d 501, 504 (5th Cir.1991); Safeco Insurance Company v. Norris, 107 B.R. 592 (E.D.Tenn.1989); Thomas Int'l Corp. v. Morris, 31 B.R. 474, 478 (N.D.Ill.1983); Fireman's Fund Insurance Co. v. Covino, 12 B.R. 876, 877 (M.D.Fl.1981). Therefore, it is
 
 
 3
 ORDERED and ADJUDGED that the decision from which this appeal has been taken be affirmed.
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41(a)(2). This instruction to the clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.