**330**

In re U.S.H. CORPORATION OF
NEW YORK, et al., Debtors.

U.S. Home Corporation, Plaintiffs,

v.

Los Prados Community Assoc.,
Inc., Defendant.

Bankruptcy No. 91 B 11625(BRL).
Adversary No. 02–2070.

United States Bankruptcy Court,
S.D. New York.

July 12, 2002.

LeBoeuf, Lamb, Greene & MacRae, LLP, by Irena Goldstein, Esq., New York City, Lon Jenkins, Esq., Salt Lake City, UT, for Debtors.

Ballon Stoll Bader & Nadler, P.C, by Chris Mularadelis, Esq., Dwight Yellen, Esq., Richard Turyn, Esq., New York City, for Movant–Defendant, Los Prados Community Assoc., Inc.

### MEMORANDUM DECISION & ORDER DENYING MOTION TO DISMISS COMPLAINT TO ENFORCE CONFIRMATION ORDER

BURTON R. LIFLAND, Bankruptcy Judge.

U.S. Home Corp. and Vista Hills, Inc. (collectively, the "Debtors") filed a motion to reopen their bankruptcy case in order to enforce the confirmation order against Los Prados Community Association, Inc. ("Los Prados") and their attorneys engaged in litigation with the Debtors in an action pending in Nevada State Court (the "State Court Action"). This Court entered an order reopening the Debtors' chapter 11 case on February 26, 2002. The Debtors also filed a complaint (the "Complaint") asserting that the prosecution of pre-confirmation claims in the State Court Action violates 11 U.S.C. §§ 524(a)(2) and 1141(d)(1), as well as the injunction provisions of the Debtors' confirmation order in this case. Los Prados now moves to dismiss the Complaint (the "Motion to Dismiss").

### Background

On April 15, 1991, U.S. Home, together with fifty-three affiliated entities, filed petitions under chapter 11 of title 11 of the United State Code (the "Bankruptcy Code"). In the course of the Debtors' chapter 11 proceedings, by order dated October 22, 1991 (the "Bar Date Order"), this Court fixed December 23, 1991 (the "Bar Date") as the last date by which all claims (with certain exceptions not relevant here) against the Debtors were to be filed. By order dated May 24, 1993 (the "Confirmation Order"), the Debtors' reorganization plan (the "Plan") was confirmed, and on June 21, 1993, the Plan became effective.

The Debtors are primarily builders of single family homes doing business in eleven states. In 1985, the Debtors began construction and development of a common interest community containing approximately 1,361 single family homes and a privately-owned golf course located in Las Vegas, Nevada, known as Los Prados (the "Development"). The vast majority of the common structures and appurtenances at the Development had been constructed, and were operational, by 1991. *See Complaint* at ¶ 12. Los Prados Community Association, Inc. ("Los Prados") is a corporation organized and existing under the laws of Nevada with its members consist-

ing of the owners of the above described property.

In August of 1991, Los Prados created a special ad hoc homeowners advisory board committee (the "Los Prados Committee") to exclusively monitor and investigate U.S. Home's chapter 11 case. *See Complaint* at ¶¶ 17–22. U.S. Home initially listed Los Prados in its Schedule A–3 "Statement of All Liabilities" as holding an unsecured nonpriority claim in the amount of $5,044. Thereafter, U.S. Home filed a First Amendment to its Schedule A–3 to indicate that Los Prados also held a disputed and unliquidated claim. On September 10, 1992, U.S. Home filed a Second Amendment to its Schedule A–3 wherein it reduced the amount of the Association's originally scheduled claim from $5,044 to $2,664. *See Complaint* at ¶¶ 16, 17. In addition, Vista Hills listed Los Prados in its Schedule A–3 as holding a $32,206.62 non-priority unsecured claim, as well as another unsecured claim in an unliquidated amount. Los Prados filed a proof of claim in an unliquidated amount prior to Claims Bar Date.

### The State Court Action

On August 27, 1999, U.S. Home filed a complaint (the "State Court Complaint") seeking declaratory judgment against Los Prados in the District Court for Clark County, State of Nevada (the "State Court") declaring that Los Prados is prohibited from proceeding with threatened litigation based on Nevada state law issues[1] (the "State Law Grounds"), and bankruptcy issues, including the discharge provisions contained in the Plan as well as sections 524 and 1141 of the Bankruptcy Code (the "Bankruptcy Grounds"). On September 29, 1999, one month later, Los Prados filed a complaint against U.S.

Home (the "Los Prados Complaint") asserting its threatened claims of negligence and defective construction of Development facilities. U.S. Home thereafter brought a motion to dismiss Los Prados' Complaint, and a subsequent motion for consolidated summary relief on the State Law Grounds as well as the Bankruptcy Law Grounds. The State Court then consolidated the actions into the original action, U.S. Home became the party defendant, and Los Prados the party plaintiff. U.S. Home then filed a second motion for summary judgment and a motion to dismiss in the State Court Action, on four grounds, including the three State Law Grounds as well as the Bankruptcy Grounds. Treating the motion to dismiss as a summary judgment motion, the State Court issued an Order (the "Summary Judgment Order") partially granting the summary judgment motion on State Law Grounds, and denying it on the Bankruptcy Grounds. *See Summary Judgment Order, Los Prados Community Assoc., Inc. v. U.S. Home Corp.* Case Nos. A407509 and A408718, District Court Clark County, Nev. (issued May 21, 2000). After appeals on both sides, the State Court stayed the consolidated cases on March 13, 2002, pending a resolution of this adversary proceeding.

On April 8, 2002, Los Prados filed a motion to dismiss (the "Defendants' Motion to Dismiss") the adversary proceeding for (1) lack of subject matter jurisdiction, (2) failure to state a claim upon which relief can be granted, and (3) grounds of collateral estoppel, asserting that the Debtors are estopped from seeking the same relief that was already denied to them in the State Court Action. Alternatively, Los Prados asks this Court to abstain and remand the case back to the

---

1. Including statute of repose, statute of limitations for latent deficiencies and for patent deficiencies.

State Court where U.S. Home began this action (citing 28 U.S.C. § 1334(c)(1)). Moreover, Los Prados argues that the Federal Anti–Injunction Statute (see 28 U.S.C. § 2283) enjoins this Court from intervening in state court proceedings.

### Discussion

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure can be granted only where it appears certain that no set of facts could be proven at trial which would entitle plaintiff to relief. *See Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) *cited in Neitzke v. Williams* 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *see also Goldman v. Belden,* 754 F.2d 1059, 1065 (2d Cir. 1985); *In re O.P.M. Leasing Services, Inc.,* 21 B.R. 986, 991 (Bankr.S.D.N.Y. 1982). All well-pleaded factual allegations must be read by the court as true and construed liberally in favor of the plaintiff. *Conley,* 355 U.S. at 47, 78 S.Ct. 99; *Allen v. WestPoint–Pepperell, Inc.,* 945 F.2d 40, 44 (2d Cir.1991); *Cosmas v. Hassett,* 886 F.2d 8, 11 (2d Cir.1989). The focus of the inquiry is whether the pleading is sufficient to entitle the claimant to offer evidence in support of his claims, not the likelihood of plaintiff's success. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Werner v. Satterlee,* 797 F.Supp. 1196, 1206 (S.D.N.Y.1992).

Rule 12(b)(6) requires that the court evaluate only those allegations made in the complaint, or in other documents attached or incorporated into the complaint by reference. *Cosmas,* 886 F.2d at 13. An exception to this limitation is that a court may take judicial notice and evaluate public disclosure documents required by law

to be filed. *Kramer v. Time Warner Inc.,* 937 F.2d 767, 773–74 (2d Cir.1991); *see also Cortec Industries, Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir.1991) (expanding *Kramer* to apply to non-public disclosures, not attached or incorporated by reference in complaint, where plaintiff had knowledge or possession of the extraneous documents and the documents were integral to the complaint).

If the court is to consider facts presented apart from the complaint which do not fall into any of the above-mentioned exceptions, the court must either exclude the extraneous material and decide the motion based solely on the pleadings, or the court may change the motion to one for summary judgment pursuant to Fed. R.Civ.P. 56 and allow all the parties to submit additional information. *Kopec v. Coughlin III,* 922 F.2d 152, 154 (2d Cir.1991) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1336 (1969 & Supp. 1986)). For the reasons that follow, Los Prados' Motion to Dismiss is denied.

### This Court Retains Subject Matter Jurisdiction Over this Adversary Proceeding

 The Second Circuit is very clear as to the post-confirmation jurisdiction of the bankruptcy court. Post-confirmation jurisdiction exists only to the extent retained in an approved plan of reorganization. *See Hospital and University Property Damage Claimants v. Johns–Manville Corp. (In re Johns–Manville Corp.),* 7 F.3d 32, 34 (2nd Cir. 1993). In addition, even though a plan provides for the retention of jurisdiction, such jurisdiction must be permissible under 28 U.S.C. § 1334.[2] The proper test

---

**2.** District courts exercise "original but not exclusive jurisdiction in all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b)

(1994). Under the Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York, July 10, 1984 (Ward,

of whether an adversary proceeding is "related to" an ongoing bankruptcy case is "whether its outcome might have a 'conceivable effect' on the bankruptcy estate". *See Publicker Indus. Inc. v. United States* (*In re Cuyahoga Equip. Corp.*), 980 F.2d 110, 114 (2d Cir.1992); *see also Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984) (articulating test as whether "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy"); *cf. Celotex Corp. v. Edwards*, 514 U.S. 300, 115 S.Ct. 1493, 1499, 131 L.Ed.2d 403 (making clear that "bankruptcy courts have no jurisdiction over proceedings that have no effect on the debtor"). Once both questions are answered in the affirmative, subject matter jurisdiction will be found and the only thing left to determine is whether the proceeding is core or non-core.

█ Core proceedings "include all proceedings integral to the restructuring of debtor-creditor rights, whether or not they involve questions of state law. . . ." *United States Lines, Inc. v. American Steamship Owners Mutual Protection and Indemnity Assoc., Inc.* (*In re United States Lines, Inc.*), 169 B.R. 804, 816 (Bankr.S.D.N.Y. 1994); *see also* 28 U.S.C. 157(b)(2)(O) (including proceedings affecting adjustment of debtor-creditor relationship in core proceeding definition).

█ This adversary proceeding is unquestionably within the post-confirmation jurisdiction of this Court. The basis of this adversary proceeding arose pursuant to litigation relating to alleged defects in the Debtors' pre-petition construction of the Los Prados golf course, club house and common areas. Moreover, the Plan, as confirmed by this Court's Confirmation

Order, explicitly retained jurisdiction to address such matters. *See* Article IX, Section 9.1 of the Plan (stating that this Court will "retain jurisdiction of the USH Chapter 11 Case for the following purposes . . . [t]o hear and determine any objection to the allowance of Claims or Interests . . . and to enforce all orders, judgments and rulings entered in connection with the USH Chapter 11 Cases.") In addition, it is well settled that the "bankruptcy court is undoubtedly the best qualified to interpret and enforce its own orders including those providing for discharge and injunction," *In re Texaco, Inc.*, 182 B.R. 937, 947 (Bankr.S.D.N.Y.1995), and that a proceeding to enforce a Chapter 11 discharge is a core proceeding under 28 U.S.C. § 157(b)(2). *See id. See also In re Donald J. Parks*, No. 99–51909–R, *http://opinions.mieb.uscourts.gov/opinions/Parks.pdf* (Bankr.E.D.Mich. Jun. 5, 2002) (court exercised jurisdiction to determine whether efforts to collect discharged debt violated section 524(a)(2) of the Bankruptcy Code). In short, the express language of the Bankruptcy Code, the relevant caselaw, and the express provisions of the Plan compel the conclusion that this Court has subject matter jurisdiction to entertain this proceeding to enforce the Debtors' Confirmation Order as it relates to claims discharged under this Court's Order Confirming the Debtors' Plan and 11 U.S.C §§ 524 and 1141.

### Los Prados Has Failed to Meet its Burden Establishing Estoppel

█ Los Prados asserts that collateral estoppel precludes the Debtors from arguing that Los Prados' State Court Action claims have been discharged pursuant to 11 U.S.C. § 1141(d), because it was the

---

Acting C.J.) issued pursuant to 28 U.S.C. 157(a), the jurisdictional scope of 28 U.S.C.

§ 1444(b) is passed on to the bankruptcy court.

336

Debtors who initially commenced the State Court Action, and because the issue was finally determined by the State Court when the Debtors failed to win their motion for summary judgment and motion to dismiss in the State Court Action. *See Defendants' Motion to Dismiss* at ¶ 8. However, not only did the State Court refrain from determining the Debtors' Bankruptcy Grounds defense to Los Prados' claims at the Summary Judgment Hearing,[3] the State Court clearly expressed its intention that *this* Court resolve the issue when it stayed the consolidated cases on March 13, 2002, until there was a resolution of *this* adversary proceeding. The Debtors cannot be collaterally estopped from asserting a defense that was never finally adjudicated.

In determining whether the Summary Judgment Order issued in the State Court Action collaterally estops the Debtors from now asserting that section 1141 of the Bankruptcy Code enjoins Los Prados from pursuing its litigation against the Debtors in the State Court Action, this Court must refer to the relevant Nevada law which would give preclusive effect to the decision and judgment, and decide if the required elements have been satisfied. *See In re Guccione,* 268 B.R. 10, 14 (Bankr.E.D.N.Y.2001) ("Therefore, in practice the bankruptcy court must 'refer to the preclusion law of the State in which the judgment was rendered' in order to determine whether collateral estoppel exists")(citing *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 380, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985)). For collateral estoppel to apply under Nevada state law, three pertinent elements must be present: (1) the issue decided in the prior litigation must be identical to the issue presented in the current action; (2) the initial ruling **must have been on the merits and have become final;** and (3) the party against whom the judgment is asserted must have been a party or in privity with a party to the prior litigation. *See Executive Management, Ltd. v. Ticor Title Ins. Co.,* 114 Nev. 823, 835, 963 P.2d 465, 473 (Nev.,1998) (emphasis added). Moreover, "the party asserting preclusion 'bears the burden of showing with clarity and certainty what was determined by the prior judgment....'". *See In re Guccione,* 268 B.R. 10,15 (Bankr.E.D.N.Y.2001) (quoting *Clark v. Bear Stearns & Co., Inc.,* 966 F.2d 1318, 1321 (9th Cir.1992)). *See also In re Zangara,* 217 B.R. at 32. Such an obligation, however, requires the party asserting estoppel to provide a record which will indicate " 'the controlling facts and pinpoint the exact issues litigated in the prior action.' " *In re Halperin,* 215 B.R. at 336 (quoting *Bender v. Tobman (In re Tobman),* 107 B.R. 20, 23 (S.D.N.Y. 1989)). *See also Zohlman v. Zoldan,* 226 B.R. 767, 772 (S.D.N.Y.1998) (identify precise issues litigated and establish record revealing controlling facts); *In re Landrin,* 173 B.R. 307, 312 n. 5 (Bankr.S.D.N.Y. 1994) (same); *In re Ferruzza,* 107 B.R. 476, 479 (Bankr.S.D.N.Y.1989) (introduce "record sufficient to reveal by clear and convincing evidence" controlling facts and prove specific issues which were litigated).

For Los Prados to establish collateral estoppel, they must demonstrate that the Nevada State Court issued a final ruling that sections 524 and 1141 of the Bankruptcy Code, and the discharge language in the Plan, do not prevent Los Prados from asserting its claims against the Debtors in the State Court Action.

**3.** *See Summary Judgment Order,* where State Court treated the Debtors' Motion to Dismiss as a Summary Judgment Motion, and concluded that issues of fact still remain. *See also,* Transcript at 29–30.

Los Prados has failed to meet its burden. In fact, Los Prados fails to point to *any* dispositive language whatsoever, in either the Summary Judgment Order or the transcript of the April 24th hearing on the motions (the "Transcript"). The State Court refused to dismiss on the Bankruptcy Grounds, concluding that there are "substantial issues of fact existing." *See Summary Judgment Order* dated May 31, 2001; *see also Transcript* at 29, 30.

Although the Transcript briefly addresses the Debtors' Bankruptcy Law Grounds for dismissing the State Court Action, it indicates that the State Court declined to make a final ruling on the matter. *See Transcript.* While discussing the issue regarding the discharge language contained in the Plan, the State Court merely stated: "I don't think that's going to be an issue *at this point.* That's not going to be grounds to dismiss this because this obviously wasn't something that was contemplated at the time they went though bankruptcy." *See Transcript* at 12 (emphasis added). Nonetheless, when Los Prados' counsel asked the State Court whether this was a final determination, *see Transcript* at 30, the Court cautioned counsel not to put words into its mouth, and clarified the Order by stating that "as to the other issues, all the other issues raised, ... [including the Bankruptcy Grounds] there are substantial issues of fact existing." *Transcript* at 29, 30. Accordingly, it is not evident from either the transcript or the Summary Judgment Order, that the State Court intended its prior statement to be anything more than mere speculation. It is certainly far from a final determination that section 1141 of the Bankruptcy Code, as well as the discharge and injunction provisions of the Plan are inapplicable to the State Court Action. In fact, the State Court went so far as to *stay* the State Court Action on March 13, 2002, pending a resolution of this adversary proceeding.

It is therefore clear from both the transcript and the Summary Judgment Order, that the State Court left the "Bankruptcy Grounds" to be determined by this Court.

Los Prados has failed to meet its burden to show with clarity and certainty that the issue was actually litigated and determined by a valid and final judgment, nor has it, as it must, "provide[d] a record which will indicate the controlling facts and pinpoint the exact issues litigated in the prior action." *See In re Guccione,* 268 B.R. 10 (Bankr.E.D.N.Y.2001). Los Prados failed to show direct references to specific portions of the Order and transcript which indicated the controlling facts and pinpointed the exact issues litigated. It merely attached the Order to its pleadings as an exhibit, without making any specific references, and they cited no portion of the Transcript. For these reasons, Los Prados' motion to dismiss is dismissed.

### There is No Reason for This Court to Abstain From Resolving this Adversary Proceeding

Los Prados argues that this Court should abstain from determining this motion under 28 U.S.C. § 1334(c), relating to permissive abstention. Section 1334(c)(1) provides:

> Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1).

The United State Supreme Court has found that permissive abstention is most appropriate when a case is dominated by state law issues or raises unsettled issues of state law. *See Thompson v. Magnolia Petroleum Co.,* 309 U.S. 478, 483, 60 S.Ct. 628, 84 L.Ed. 876 (1940)

("the interests of the estate and the parties will best be served [if the federal court will] consent to submission to state courts of particular controversies involving unsettled questions of state property law and arising in the course of the bankruptcy administration"). However, the policy of this district does not favor abstention in matters involving a court's interpretation of its own orders. *See In re Texaco*, 182 B.R. at 947. In *Texaco*, the Court refused to abstain from enforcing a confirmation order against a state court litigant's claims, asserting that "[a] bankruptcy court is undoubtedly the best qualified to interpret and enforce its own orders including those providing for discharge and injunction and, therefore, should not abstain from doing so." *See id.* Because this Court can decide as a matter of federal bankruptcy law whether the State Court Action violates the Confirmation · Order and sections 1141 and 524 of the Bankruptcy Code, without the need to decide any issue of state law, there is no reason for this Court to abstain from ruling.

### The Federal Anti–Injunction Act is Inapplicable

 Los Prados further attacks this Court's authority to enforce its Confirmation Order by asserting that the Anti–Injunction Act prohibits this Court from enforcing the Confirmation Order provisions enjoining Los Prados from pursuing the State Court Action. The Anti–Injunction Act precludes a federal court from staying existing proceedings in state court except as expressly authorized by act of Congress or when necessary in aid of its jurisdiction, or to protect or effectuate its judgments. 28 U.S.C. § 2283. It is well settled that section 524 of the Bankruptcy Code, with its power to enjoin an action to collect a discharged debt, is "expressly authorized by Act of Congress" and therefore excepted from the reach of the Anti–

Injunction Act. *See In re Berg*, 172 B.R. 894, 897 (Bankr.E.D.Wis.1994) (" § 105 of the Code, together with the section 524 discharge injunction, is a viable exception to the Anti Injunction Act."). While the policy underlying the AntiInjunction Act is the desire to avoid disharmony between federal and state systems, certain exceptions reflect congressional recognition that injunctions may sometimes be necessary in order to avoid that disharmony. *See In re Joint Eastern and Southern Districts Asbestos Litigation*, 120 B.R. 648, 655 (E.D.N.Y.1990). Courts have interpreted the "necessary in aid of jurisdiction" exception liberally "to prevent a state court from ... interfering with a federal court's flexibility and authority" to decide the case before it. *See id.* Moreover, although the Anti–Injunction Act generally precludes a federal court from enjoining state court proceedings; the statute granting bankruptcy courts equitable power to do whatever is necessary to aid their jurisdiction is an "expressly authorized" exception to the Act and authorizes bankruptcy courts to enjoin state court proceedings under proper circumstances. 28 U.S.C.A. §§ 2283; Bankr.Code, 11 U.S.C.A. §§ 105(a). *See In re Baptist Medical Center of New York*, 80 B.R. 637 (Bankr.E.D.N.Y.,1987). Section 105(a) of the Bankruptcy Code is an "expressly authorized" exception to the Anti–Injunction Act. *See In re Baptist Medical Center of New York*, 80 B.R. 637, 641 (Bankr.E.D.N.Y.1987); *Davis v. Sheldon (In re Davis)*, 691 F.2d 176, 177–78 (3d Cir.1982); *Kranzdorf v. Alter (In re Fidelity America Financial Corp.)*, 53 B.R. 930, 932–33 (Bankr.E.D.Pa.1985); H.R.Rep. No. 595, 95th Congress, 1st Sess. 317 (1977); S.Rep. No. 95–989, 95th Congress, 2d Sess. 29 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5814, 6274. It authorizes the Bankruptcy Court to enjoin state court proceedings under proper

circumstances. *In re Davis, supra.; In re Fidelity America Financial Corp. supra.;* 2 *Collier on Bankruptcy* ¶¶ 105.02 (15th ed.1987). As Collier observes, "[t]he basic purpose of the section [§§ 105] is to enable the court to do whatever is necessary to aid its jurisdiction, i.e., anything arising in or relating to a bankruptcy case." 2 Collier on Bankruptcy, *supra.*, §§ 105.02 at 105–3. In fact, section 105(a) contemplates injunctive relief in precisely those instances where parties are " 'pursuing actions pending in other courts that threaten the integrity of a bankrupt's estate.' " *Manville Corporation v. Equity Security Holders Committee (In re Johns–Manville Corp.)*, 801 F.2d 60, 63 (2d Cir.1986) (quoting *In re Davis*, 730 F.2d 176, 183–84 (5th Cir.1984)). Accordingly, the bankruptcy exception to the Anti–Injunction Act allows this Court, pursuant to sections 105, 524 and 1141 of the Bankruptcy Code, together with the relevant caselaw, to enforce the injunction provisions in its Order Confirming the Debtors' Plan. The Anti–Injunction Act, therefore does not bar this Court from enforcing its own Confirmation Order.

### Conclusion

For the reasons explained above, Los Prados' Motion to Dismiss is denied. It is so ordered.

